UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MALIBU MEDIA, LLC,

    Plaintiff.

No. 14-cv-20392-KMW

vs.

JOHN DOE subscriber assigned IP address
65.34.242.162,

    Defendant.

_____/

## JOHN DOE'S SPECIAL APPEARANCE MOTION TO QUASH SUBPOENA, MOTION TO DISMISS FOR LACK OF VENUE, AND MEMORANDUM OF LAW

COME NOW defendant, John Doe (IP Address 65.34.242.162) ("Mr. Doe" or "Defendant"), hereby files this Special Appearance Motion to Quash Subpoena, Motion for Protective Order, and Memorandum of Law against MALIBU MEDIA, LLC ("Malibu" or "Plaintiff") and would show as follows.

### I. Introduction and Factual Background

1. On January 31, 2014, Plaintiff filed its original Complaint-Action for Damages for Property Rights Infringement in the U.S. District Court, Southern District of Florida.

2. Malibu claims to have registered or have applied to obtain registration of 26 movies with the United States Copyright Office.

3. On April 24, 2014, this Court issued an Order Granting Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference and Entering a Protective Order ("Discovery Order") allowing Malibu to serve a subpoena upon non-party Comcast Cable Holdings, LLC

("Comcast") seeking internet subscriber information "only . . . for the purpose of protecting and enforcing Malibu's rights as set forth in its Complaint in the case." (Discovery Order, 5).

4. On April 24, 2014, Malibu filed a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

5. Mr. Doe received correspondence from Comcast, dated May 6, 2014 ("Notice"), asserting that pursuant to subpoena, Comcast will disclose to Plaintiff's counsel Defendant's privileged information including his or her "name, address, and telephone number," should the Defendant fail to file pleadings that delay or terminate the process on or before June 6, 2014 (Notice).

6. Plaintiff claims that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition). (Complaint, 1).

7. Plaintiff claims that venue in the Southern District of Florida is proper under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a). (Complaint, 2).

8. Plaintiff claims that Mr. Doe went to a torrent site to upload and download Plaintiff's copyrighted works. (Complaint, 4-5).

9. Plaintiff demands "statutory damages in the amount of $150,000 per infringed work." (Complaint, 7).

10. Malibu also demands injunctive relief. More specifically, Malibu demands judgment to: (1) "[p]ermanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works"; (2) "[o]rder that defendant delete and permanently remove the digital media files relating to Plaintiff's works for each of the computers under Defendant's possession, custody or

control."; and (3) "[order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control." (Complaint, at 6-7).

11. Defendant timely makes this special appearance to bring forth these motions and memorandum of law.

12. Defendant retained the undersigned attorney as a result of Plaintiff's Complaint, and is obligated to pay its attorney a reasonable fee for services rendered and costs incurred in bringing forth these motions.

13. Title 17 U.S.C. § 505 provides that in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party and may also award a reasonable attorney's fee to the prevailing party as part of the costs.

## II. Plaintiff Fails to Provide Good Cause for Expedited Discovery

In order for a court to authorize a subpoena before a Rule 26(f) conference has taken place there must be "good cause." Fed. R. Civ. P. 26(b). One of the five factors for determining good cause in internet infringement cases involving defendants identifiable only by IP addresses is "the concreteness of the plaintiff's showing of a prima facie claim of actionable harm." *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2nd Cir. 2010). Malibu fails to meet the good cause standard for expedited discovery because it fails to demonstrate when it obtained final, completed certification of its registrations.

The governing law allows for recovery for infringement that occurs up to three months before copyright registration. *See* 17 U.S.C. § 412(2); *see also Malibu Media, LLC v. Doe 1-49*, 2013 WL 4501443 (N.D.Ill. 2013). Additionally, there is a split in case law over what 17 U.S.C. § 412 and its companion statute, 17 U.S.C. § 411(a), contemplate when referring to

"registration." One line of case law finds "registration" to mean the date when the copyright holder applied for "registration." *See, K-Beech, Inc. v. Doe*, 2012 WL 262722, *2 (E.D. Penn. 2012) (referred to as the "application approach"); *see also Concordia Partners, LLC v. Pick*, 2013 WL 6817627 (D.Me 2013); *Hard Drive Prods. v. Does 1—55,* 2011 WL 4889094 (N.D.Ill. 2011). The other line of case law holds "registration" to mean the date when the copyright holder obtains final, completed certification of its copyright from the Copyright Office. *See, Robbins v. Universal Mowton,* 2012 WL 727741 (S.D.Ga. 2012) (the "registration approach"); *see also North Jersey Media Group, Inc. v. Season,* 2013 WL 74237 (D.N.J. 2013); Stefan Mentzer, *What You Need To Know . . . ,* 24 No. 3 Intell. Prop. & Tech. L.J. 3 (2012) (expressing the preference for the "registration approach"). The Eleventh Circuit has adopted the registration approach. *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486 (11th Cir. 1990); *see also Kernal Records Oy v. Mosley,* 794 F.Supp.2d 1355, 1371 n.13 (S.D. Fla. 2011).

This is material to the instant case because Malibu has failed to meet the standard for expedited discovery by failing to comply with the registration approach. Malibu never states that it actually obtained copyright "registration" within three months of the alleged incident. Exhibit B in the complaint only provides the registration number, date of publication, registration date, and the most recent "hit." If the information in Exhibit B relates to dates when Malibu applied for registration it still leaves open the question of when and whether the Plaintiff has certifications of registration. Bolstering this is the fact that in 16 of the 27 identified copyright-in-suit movies the most recent date of access predates the given copyright date. (Complaint, Exhibit B). Following, absent in the exhibit or in the totality of the complaint does Malibu show that it obtained final, completed certifications of its registrations at least three months prior to the alleged infringements and thereby fails to demonstrate that it meets the requirements of 17

U.S.C. § 411(a). Therefore, the Plaintiff has failed to meet the good cause requirements and thus is not entitled to expedited discovery.

### III. The Case Must Be Dismissed Because Plaintiff Failed to Establish Proper Venue Through Unreliable and Inaccurate Geolocation Technology

The Plaintiff contends that "[b]ased upon experience filing over 1,000 cases the geolocation technology used by the Plaintiff has proven to be accurate to the District level in over 99% of the cases." (Complaint, 2). Based on this technology the Defendant resides in this District and State and because a substantial part of these events occurred in this district, venue is proper pursuant to 28 U.S.C. § 1391(c) and § 1400(a). However, the district court should dismiss this case for lack of venue because the geographic data results of IP address geolocation is unreliable and inaccurate.

The internet itself provides no inherent mechanism for determining the geographic location of connected devices. Although Domain Name Systems (DNS) entries may include a location record, there is no standard protocol to provide geographic location data which corresponds with an Internet Protocol (IP) address. Brian Eriksson, Paul Barford, Joel Sommers & Robert Nowak, *A Learning-Based Approach for IP Geolocation*, Proc. of the Eleventh Int'l Conf. on Passive & Active Measurement (Zurich, Switz.), Apr. 7-9, 2010. Additionally, because of the immense size and intricate complexity of the Internet coupled with a disseminated ownership and user-base provides no single repository or authority which could maintain such data. Brian Eriksson, Paul Barford, Bruce Maggs & Robert Nowak, *Posit: A Lightweight Approach for IP Geolocation,* Submitted to SIGMETRICS Performance Evaluation Review Dec. 2011.

IP address geolocation technologies appear to rely primarily on active network measurements, or databases of IP to location mappings. Phillipa Gill, Yasgar Ganjali, Bernard

5

Wong & David Lie, *Dude, Where's the IP? Circumventing Measurement-Based IP Geolocation,* Proc. of the Nineteenth USENIX Conf. on Security (D.C.), Aug. 11-13, 2010. Reliance on active network measurements leads victim towards inconsistent Internet topology and incomplete information regarding this topology due to the Internet's rapid and continuous expansion. Anukool Lakhina, John W. Byers, Mark Crovella, Ibrahim Matta, *On the Geographic Location of Internet Resources*, IEEE J. on Selected Areas in Comm., Spec. Issue on Internet and WWW Measurement, Mapping, and Modeling, 2003. Similarly, databases of IP location mappings fail victim being rough and incomplete – also due to the Internet's rapid expansion. Yong Wang, Daniel Burgener, Marcel Flores, Aleksandar Kuzmanovic & Cheng Huang, *Towards Street-Level Client-Independent IP Geolocation*, Proc. of the Eight USENIX Conf. on Networked Systems Design & Implementation (Bos., Mass.), Mar. 30-Apr. 1, 2011.

Thus, despite the existence of geolocation software designed to approximate geographical location of Internet-connected devices, the Court cannot rely on the plaintiff's assertion that the technology was used for purposes of establishing proper jurisdiction and venue. Therefore, Mr. Doe requests that the case be dismissed based on lack of venue.

### IV. Conclusion

The Defendant, John Doe subscriber assigned IP address 65.34.242.162, requests for an order against the plaintiff, MALIBU MEDIA LLC, that:

1. Quashes the Subpoena served upon COMCAST CABLE HOLDINGS, LLC, by MALIBU MEDIA, LLC due plaintiff's failure to provide good cause for expedited discovery;

2. Dismiss this action for improper venue;

3. Awards Defendant his/her reasonable attorney's fees and costs incurred for having to bring forth these motions;

4. Orders that plaintiff, MALIBU MEDIA, LLC take nothing by way of its Complaint;

5. Orders that Defendant, John Doe subscriber assigned IP address 65.34.242.162, go hence without day; and

6. Grants such other relief this Honorable Court deems equitable and just.

Respectfully submitted,

By: /s/ Patrick Wilson
Patrick Wilson 0109325
patrickwilsonlaw@gmail.com
13501 SW 128th Street, Suite 205
Miami, FL 33186
Telephone: (786) 205-1503
Attorney for the Defense